Storch Amini & Munves PC
*Counsel to Lori Lapin Jones, as Chapter 11 Trustee*
2 Grand Central Tower
140 E 45th St., 25th Floor
New York, New York 10017
Telephone: 212-490-4100
Bijan Amini, Esq.
Avery Samet, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:

PENINSULA HOSPITAL CENTER, et al.,

                        Debtors.

------------------------------------------------------------x

LORI LAPIN JONES, AS CHAPTER 11
TRUSTEE OF THE ESTATE OF PENINSULA
HOSPITAL CENTER,

                        Plaintiff,

          v.

LI SCRIPT LLC,

                        Defendant.

------------------------------------------------------------x

Chapter 11
Case No.: 11-47056 (ESS)
Case No.: 11-47985 (ESS)
(Jointly-Administered)



Adv. Pro. No.:

## COMPLAINT

Plaintiff Lori Lapin Jones, the Chapter 11 Trustee (the "Plaintiff") of the estate of

Peninsula Hospital Center ("PHC"), by her counsel, Storch Amini & Munves PC, as and for her

complaint against defendant LI Script LLC (the "Defendant"), alleges as follows:

## THE PARTIES

1.      Plaintiff is the Chapter 11 Trustee of PHC's estate.

2.     Upon information and belief, LI Script LLC has offices for the conduct of its business at 134 Great East Neck Rd, West Babylon, NY 11704 and at 225 Crossways Park Dr., Woodbury, NY 11797.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

4.     The statutory predicates for the relief sought herein include 11 U.S.C. §§ 105(a), 323, 502, 547, 549, 550 and 551.

5.     Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1409(a).

6.     This action is a core proceeding pursuant to 28 U.S.C. § 157(b) (1), (b) (2) (A), (B), (E), (F) and (O).

## FACTUAL ALLEGATIONS

7.     On August 16, 2011 (the "Petition Date"), an involuntary petition for relief under Chapter 11 of the Bankruptcy Code was filed against PHC.

8.     On September 19, 2011, PHC consented to entry of the order for relief under Chapter 11 of the Bankruptcy Code.

9.     On September 19, 2011, Peninsula General Nursing Home Corp. d/b/a Peninsula Center for Extended Care & Rehabilitation ("PNH" and, together with PHC, the "Debtors") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

10.     On September 21, 2011, the Court entered an Order for relief against PHC under Chapter 11 of the Bankruptcy Code.

11.     The Debtors' cases are being jointly administered in accordance with an Order of the Court.

12.     The Debtors operated their businesses and managed their properties as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108 until the Trustee was appointed.

13.     By Notice of Appointment of Chapter 11 Trustee dated March 9, 2012, the Office of the United States Trustee appointed Lori Lapin Jones as the Chapter 11 Trustee of the Debtors' estates.

14.     By Order dated March 9, 2012, the Court approved the appointment of Lori Lapin Jones as the Chapter 11 Trustee for the Debtors' estates.

15.     Plaintiff is authorized to bring this action pursuant to Bankruptcy Code § 323 and Bankruptcy Rule 6009.

## FIRST CLAIM FOR RELIEF
### (Avoidance and Recovery of Post-Petition Transfers)

16.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "15" as if fully set forth herein.

17.     After the Petition Date, the following transfers totaling $80,188.27 were made by PHC to the Defendant (collectively, the "Post-Petition Transfers"):

| Transfer. | Clearance Date | Amount |
|---|---|---|
| Wire Transfer | September 2, 2011 | $ 3,076.00 |
| Wire Transfer | September 19, 2011 | $27,399.26 |
| Check No. 7380 | October 6, 2011 | $ 16,569.03 |
| Check No.7420 | October 13, 2011 | $33,143.98 |
| **Total:** | | **$80,188.27** |

18.     The Post-Petition Transfers occurred after the Petition Date.

19.     The Post-Petition Transfers were transfers of property of PHC's estate that were not authorized by the Bankruptcy Code or the Court.

20.     Pursuant to Bankruptcy Code § 549, the Plaintiff may avoid a transfer of property of the estate that was made after the commencement of the case and which was not authorized by the Bankruptcy Code or the Court.

21.     By reason of the foregoing, the Post-Petition Transfers are avoidable under Bankruptcy Code § 549(a).

22.     Pursuant to Bankruptcy Code § 550(a), the recovery of property for the benefit of PHC's estate is authorized to the extent avoided under Bankruptcy Code § 549.

**SECOND CLAIM FOR RELIEF**
**(To Disallow Claims Pursuant to 11 U.S.C. § 502(d))**

23.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "22" as if fully set forth herein.

24.     Defendant was the initial transferee of the Post-Petition Transfers, or the immediate or mediate transferee of such initial transferee of the person for whose benefit the Post-Petition Transfers were made.

25.     By reason of the foregoing and pursuant to Bankruptcy Code § 502(d), any claims of Defendant against PHC must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Post-Petition Transfers, together with interest thereon.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendant:

(a)     avoiding the Post-Petition Transfers to Defendant pursuant to Bankruptcy Code § 549;

4

(b)     awarding Plaintiff judgment in an amount equal to the Post-Petition Transfers and directing Defendant immediately to pay the Plaintiff an amount equal to the Post-Petition Transfers pursuant to Bankruptcy Code § 550(a), together with interest thereon;

(c)     disallowing any claim of Defendant against PHC pursuant to Bankruptcy Code § 502(d); and

(d)     granting Plaintiff such further relief as this Court deems proper.

Dated: New York, New York
      August 30, 2013            **STORCH AMINI & MUNVES PC**
                               Counsel to Lori Lapin Jones, as Chapter 11 Trustee

                 By:    *s/Avery Samet*
                        Bijan Amini, Esq.
                        Avery Samet, Esq.
                        140 E 45th Street, 25th Floor
                        New York, New York 10017
                        Telephone: (212) 490-4100